IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ERIC LAMONT PLUMMER, | ) | Civ. No. 07-00553 JMS-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING |
| vs. | ) | COMPLAINT AND DENYING *IN* |
| | ) | *FORMA PAUPERIS* APPLICATION |
| SHERI KIMOTO, LANE BLAIR, | ) | |
| D. SWENSON, and ALAN LANE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT AND
DENYING *IN FORMA PAUPERIS* APPLICATION**

On November 6, 2007, pro se Plaintiff Eric Lamont Plummer ("Plaintiff"), a Hawaii prisoner incarcerated at Sagauro Correctional Facility ("SCF") in Eloy, Arizona, filed this prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. On December 7, 2007, Plaintiff filed an *in forma pauperis* application. Docket No. 4.

Plaintiff names Sheri Kimoto, Mainland Contract Liaison for the Department of Public Safety of Hawaii ("DPS"); Lane Blair, Warden of Diamondback Correctional Facility ("DCF"), located in Watonga, Oklahoma; D. Swenson, Warden of SCF; and Alan Lane, Oklahoma Bureau of Narcotics, as defendants to this action. For the following reasons, Plaintiff's Complaint is

DISMISSED and his *in forma pauperis* application is DENIED.

## I. BACKGROUND

Plaintiff sets forth three causes of action in his Complaint. In Count One, Plaintiff alleges that he was wrongfully charged and found guilty of a disciplinary infraction at DCF. Compl. at 4. In Count Two, Plaintiff states that, after being placed in segregation for the disciplinary infraction, he received threats of violence against him for contesting the finding of guilt and declaring his innocence. *Id.* at 5. Plaintiff appears to allege that the threats occurred while incarcerated at DCF and SCF. In Count Three, Plaintiff complains that upon arriving at SCF, he was placed in a cell with a mentally challenged inmate who assaulted him. Plaintiff claims that the assault occurred in front of prison officials who stood by and watched. *Id.* at 6. Plaintiff seeks compensatory damages and injunctive relief. *Id.* at 7.

## II. DISCUSSION

**A.     Plaintiff Fails to State A Claim Against Defendant Kimoto**

To state a civil rights claim against an individual defendant, a plaintiff must allege facts showing a defendant's "personal involvement" in the alleged constitutional deprivation or a "causal connection" between a defendant's wrongful conduct and the alleged constitutional deprivation. *Barren v.*

*Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). A supervisor may be held liable in his or her individual capacity "for [his or her] own culpable action or inaction in the training, supervision or control of [his or her] subordinates." *Watkins v. City of Oakland, Cal.*, 145 F.3d 1087, 1093 (9th Cir. 1998) (*quoting Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991)). A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). However, an individual's "general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987).

Although Plaintiff names Defendant Kimoto, he fails to show any nexus between Defendant Kimoto and the constitutional violations he claims, other than his bare assertion that, because he is a Hawaii inmate whose mainland housing assignment is governed by a contract between DPS, DCF, and SCF, Defendant Kimoto is responsible for his well-being. *See* Compl. at 4-6. Plaintiff alleges no direct or personal involvement by Defendant Kimoto in the actions claimed in the Complaint. He does not claim that Defendant Kimoto participated

3

in, or directed the constitutional violations. Nor does he allege that Defendant Kimoto had supervisory control over the DCF or SCF prison officials who actually participated in the acts alleged. Plaintiff points to no policy, implemented by Defendant Kimoto, which was used by DCF or SCF, that was so deficient that it is "a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman*, 942 F.2d at 1446.

Accordingly, the court finds that Plaintiff has failed to state a claim against Defendant Kimoto and she is DISMISSED without prejudice.

**B.     This Court Is Not The Proper Venue to Hear This Matter**

A close review of the Complaint indicates that the events and omissions of which Plaintiff complains occurred in Oklahoma and Arizona. A civil action not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). As none of the remaining Defendants herein resides in the state of Hawaii, and all of the events giving rise to this action occurred in Oklahoma or Arizona, this court clearly is not

the proper venue to hear this matter.

Although Defendant Kimoto resides in Hawaii and is the DPS' Mainland Contract liaison, this does not change this court's assessment that venue is improper in Hawaii. While Hawaii inmates may be required to appeal decisions pertaining to their inmate programming, assignments, or services directly to Defendant Kimoto, presumably because such decisions are ultimately decided by the Hawaii DPS, these types of decisions are not in the same category as assaults upon inmates or other constitutional violations, which must necessarily be brought to the immediate attention of the prison where the inmate is incarcerated. After the inmate has exhausted his prison administrative remedies, such claims are then more properly brought in the district where they occurred, where they can be most effectively remedied. *See* 28 U.S.C. § 1391(b). In this case, Plaintiff alleges that he was wrongfully charged and found guilty of a disciplinary infraction and received threats of violence while incarcerated in Oklahoma and that he was threatened while incarcerated in Oklahoma and Arizona. Plaintiff also alleges that he was assaulted by a fellow inmate while incarcerated in Arizona. None of the events giving rise to these claims occurred in Hawaii.

Once a court determines that venue is improper, it should examine the merits of the plaintiff's action to decide whether the interests of justice require

transfer instead of dismissal. *See, e.g.*, *King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992). Transferring a case that would be dismissed does not further the interests of justice. *See Shemonskey v. Office of Thrift Supervision, Dep't of Treasury*, 733 F. Supp. 892, 895 (M.D. Pa. 1990) (suit against federal agency dismissed for failure to exhaust administrative remedies, instead of being transferred for improper venue), *aff'd*, 922 F.2d 833 (3d Cir. 1990); *Safeco Ins. Co. v. Miller*, 591 F. Supp. 590, 597 (D. Md. 1984) (transfer would not serve the "interest of justice" where the case, if transferred, would merely be dismissed in the transferee court); *Froelich v. Petrelli*, 472 F. Supp. 756, 763 (D. Haw. 1979) (not in interest of justice to transfer case to California because case would simply be dismissed under the statute of limitation).

It is not in the interests of justice to transfer this action. Plaintiff claims, at times in a confusing manner, that his rights were violated both in Oklahoma and Arizona. This makes it difficult to determine where venue for this action lies, or to which court this court should transfer this action. If the court transfers this action to the District of Arizona, where SCF is located, the Oklahoma claims would likely be dismissed. If it transfers the action to the District of Oklahoma, the Arizona claims would likely be dismissed. Accordingly, Plaintiff's Complaint is DISMISSED without prejudice for want of venue. If

Plaintiff so chooses, he is free to pursue his claims in the proper court. Plaintiff's claims that allegedly occurred at DCF in Oklahoma, are properly brought before the United States District Court for the Western District of Oklahoma. Plaintiff's claims that allegedly occurred at SCF in Arizona, are properly brought before the United States District Court for the District of Arizona.[1]

### C.   Plaintiff's *In Forma Pauperis* Application Is Denied

On December 7, 2007, Plaintiff filed an application to proceed *in forma pauperis*. Docket No. 4. Plaintiff's *in forma pauperis* application does not comply with the requirements of 28 U.S.C. § 1915. Plaintiff's application does not include his prison trust account statement for the last six months. *See* 28 U.S.C. § 1915(a)(2). More importantly, Plaintiff's Complaint is dismissed without leave to amend. Dismissal of Plaintiff's Complaint without leave to amend moots Plaintiff's *in forma pauperis* application. Accordingly, Plaintiff's *in forma pauperis* application is DENIED as both incomplete, and mooted by dismissal of this action.

---

[1] Both Oklahoma and Arizona apply a two-year statute of limitations to claims brought under 42 U.S.C. § 1983. *See* Ariz. Rev. Stat. § 12-542 and Okla. Stat. 12 § 95. As the events giving rise to Plaintiff's claims allegedly occurred between April, 2007 and August, 2007, no prejudice to Plaintiff results from dismissal of this action. Plaintiff may timely file his claims in the appropriate courts.

## III.  CONCLUSION

IT IS HEREBY ORDERED that:

1. The Complaint is DISMISSED for lack of proper venue. This dismissal is without prejudice, but without leave to amend (in other words, Plaintiff is not given leave to amend in the District of Hawaii although he may file a new Complaint in the Western District of Oklahoma and/or the District of Arizona).

2. Plaintiff's *in forma pauperis* application is DENIED without prejudice, but without leave to amend.

2. The court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.  Any requests to appeal *in forma pauperis* should, therefore, be directed to the United States Court of Appeals for the Ninth Circuit.

3. With the exception of a Notice of Appeal to the Ninth Circuit Court of Appeals, Plaintiff will not be allowed to file any further documents in this

///

///

///

action.  The Clerk is DIRECTED to close the file and should not return any further filings in this action to Plaintiff.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 14, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Plummer v. Kimoto, et al.*, Civ. No. 07-00553 JMS; ORDER DISMISSING COMPLAINT AND DENYING *IN FORMA PAUPERIS* APPLICATION; hmg\Orders 07\Plummer 07-553 JMS (dsm no transfer)